**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**FISH AND CHICKEN LAND, INC.,**

      Case No. 11-14413

    **Plaintiff,**

      Honorable Denise Page Hood

**v.**

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____/

**ORDER DENYING MOTION TO DISMISS**
**and**
**NOTICE SETTING SCHEDULING CONFERENCE**

On October 7, 2011, Plaintiff Fish and Chicken Land, Inc. filed a Complaint against Defendant United States of America seeking judicial review of an adverse decision by the United States Department of Agriculture Food and Nutrition Service denying Plaintiff authorization to participate in the Supplemental Nutrition Assistance Program ("SNAP").  An Order to Show Cause why the action should not be dismissed for lack of progress was issued on February 10, 2012.  A Certificate of Service was submitted by Plaintiff on February 15, 2012 indicating service of summons on the United States Attorney on February 9, 2012.

On May 14, 2012, the instant Motion to Dismiss was filed by the United States arguing that service was untimely and insufficient under Rules 4(i) and (m) of the Rules of Civil Procedure.  A response was filed by Plaintiff on September 24, 2012, well beyond the 21 days required to file a

response set forth in Local Rule 7.1(e)(1)(B).¹ A reply to the response was filed on October 12, 2012. The United States seeks dismissal without prejudice for failure to timely serve the Complaint under Rule 4(m).

Rule 4(i) governs service on the United States which provides that a party must serve the summons and complaint on the United States Attorney for the district where the action is brought, send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. and if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer. Fed. R. Civ. P. 4(i). Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is *filed*, the court must dismiss the action without prejudice. Fed. R. Civ. P. 4(m). The court may extend the time for service if the plaintiff shows good cause for failure to timely serve. Fed. R. Civ. P. 4(m) and 4(i)(4). Establishing good cause is the responsibility of the party seeking an extension of the time to serve, and "necessitates a demonstration of why service was not made within the time constraints." *Habib v. GMC,* 15 F.3d 72, 73 (6th Cir. 1994); *Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 521 (6th Cir. 2006). A plaintiff who does not disclose any effort, however minimal, to effect service of process on a defendant has not shown good cause requiring an extension of time to correct the procedural error. *Bush v. City of Zeeland,* 74 Fed. Appx. 581, 583 (6th Cir. 2003).

In its response, Plaintiff asserts the USDA was served with the Summons and Complaint on October 25, 2011. (Doc. No. 4) The United States Attorney and the Attorney General were served on February 9, 2012. (Doc. Nos. 7 and 8) Plaintiff claims counsel did not have a credit card for the

---

¹ The Rules of Civil Procedure, the E.D. Mich. Local Rules and the CM/ECF Practice and Procedures are available at www.mied.uscourts.gov.

filing fee the date the Complaint was filed on October 7, 2011 and had to pay by check. The summons was issued on October 13, 2011, once the filing fee was paid. (Doc. No. 3) Plaintiff asserts that service on February 9, 2012 was within the 120 days *from the issuance of the summons*.

Calculating the 120 days as set forth in Rule 4(m) in accordance with computing time set forth in Rule 6(a), the last date of service would have been February 6, 2012. Plaintiff's service on the United States Attorney's Office and the Attorney General on February 9, 2012 was untimely. Although Plaintiff timely served the USDA in October 2011, Plaintiff's response does not indicate any efforts to effect service on the United States Attorney and the Attorney General within the 120 days from the date the Complaint was "filed." Plaintiff's argument that he timely served the parties within 120 days from the date the summons was "issued" is unavailing since the plain language of the rule states that service must be completed when the Complaint was "filed," not the date the summons was issued. Fed. R. Civ. P. 4(m). The United States' Attorney's office alerted Plaintiff in a letter dated January 25, 2012 of the insufficiency of service, yet Plaintiff waited almost two weeks later to act. By then, the time to serve the Complaint had expired. At no time did Plaintiff seek an extension of time to properly serve the United States prior to the expiration of the 120 days. Although Plaintiff's reason for failure to timely serve is weak in that Plaintiff is under the mistaken belief service was timely, Plaintiff's response shows it at least served the USDA on October 25, 2011. The Court will not dismiss the case since it appears Plaintiff has now served the appropriate entities as required under Rule 4(i). Service expired only by 3 days. The United States has not shown it is prejudiced, other than delay, in allowing the matter to proceed. The USDA had notice since it was served in October 2011 as to the instant lawsuit. *See* Fed. R. Civ. P. 4(i)(4).

Accordingly, for the reasons set forth above,

IT IS ORDERED that the United States of America's Motion to Dismiss **(No. 10)** is DENIED.

IT IS FURTHER ORDERED that a Scheduling Conference is set for **Monday, April 22, 2013, 2:30 p.m.**

                                      S/Denise Page Hood
                                      Denise Page Hood
                                      United States District Judge

Dated: March 28, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2013, by electronic and/or ordinary mail.

                                      S/LaShawn R. Saulsberry
                                      Case Manager