**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FISH AND CHICKEN LAND, INC.,

Plaintiff,

Civil Action No. 11-14413

Honorable Denise Page Hood

v.

UNITED STATES OF AMERICA,

Defendant.
_________________________________/

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

## I. BACKGROUND

On October 7, 2011, Plaintiff Fish and Chicken Land, Inc. filed a Complaint against Defendant United States of America seeking judicial review of an adverse decision by the United States Department of Agriculture Food and Nutrition Service denying Plaintiff authorization to participate in the Supplemental Nutrition Assistance Program ("SNAP"). The United States filed a Motion to Dismiss for insufficient service, which the Court denied in an Order filed March 28, 2013. On March 29, 2013, Plaintiff filed the instant Motion for Preliminary Junction. The United States filed a response. A supplemental brief was thereafter filed by Plaintiffs. The Court dispenses with oral arguments in this matter. E.D. Mich. LR 7.1(f)(2).

## II. ANALYSIS

### A. Preliminary Injunction Standard

Plaintiff's two-paragraph motion does not set forth the factors required to issue a preliminary injunction. Plaintiff merely requests the Court to enter an order to enjoin the United States from withdrawing Plaintiff's authorization to participate in SNAP. Plaintiff asserts that it desired to avail itself to the courts as promised by the Constitution, yet the United States wants to

penalize Plaintiff for exercising its constitutional right, exhibiting a chilling effect and a "block tour" judicial system. (Motion, p. 1) The United States responds that Plaintiff has failed to show it is entitled to preliminary injunctive relief.

Four factors must be balanced and considered before the Court may issue a preliminary injunction pursuant to Fed.R.Civ.P. 65(b): 1) the likelihood of the plaintiff's success on the merits; 2) whether plaintiff will suffer irreparable injury without the injunction; 3) the harm to others which will occur if the injunction is granted; and 4) whether the injunction would serve the public interest. *In re Delorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985); *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989). The first factor is the most critical inquiry of the four criteria. *Mason County Med. Ass'n v. Knebel*, 563 F.22d 256, 261 (6th Cir. 1977). In making its determination the "district court is required to make specific findings concerning each of the four factors, unless fewer factors are dispositive of the issue." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997).

**B. Likelihood of Plaintiff's Success on the Merits**

In a challenge under the Food Stamp Act, the burden of proof is on the store to establish the agency's action is invalid. *Warren v. United States*, 932 F.2d 582, 586 (6th Cir. 1991). Plaintiff in this case has not set forth any reason why the United States' action withdrawing the authorization to participate in SNAP is invalid.

**C. Irreparable Injury**

Addressing the irreparable injury requirement, it is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d

507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-12.

Plaintiff does not address this factor in its motion, other than asserting that the United STATES wants to penalize Plaintiff for exercising its constitutional right because Plaintiff availed itself of the courts, as promised by the constitution. It may be that Plaintiff would be injured by the United States' action denying Plaintiff's participation in SNAP. However, if it is found that the United States wrongfully denied Plaintiff's participation in SNAP, then any injury suffered by Plaintiff could be compensable by monetary damages and/or resumption of Plaintiff's participation in SNAP. Plaintiff has not carried its burden that it will be irreparably harmed if the preliminary injunction is not granted.

### D. Harm to Others and Public Interest

Because Plaintiff has not carried its burden as to the likelihood of success on the merits and irreparable injury factors, the two most important factors, these two other factors need not be addressed.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction (No. 16) is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 22, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 22, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager